BARKER MARINE LTD.,
Plaintiff–Appellee,

v.

GREAT LAKES DREDGE AND DOCK COMPANY, Ralph Clayton & Sons Materials, LP, d/b/a Amboy Aggregates Joint Venture T/A McCormack Aggregates, Defendants–Appellants.

Nos. 00–9170(L), 00–9289(C).

United States Court of Appeals,
Second Circuit.

May 17, 2001.

Kenneth A. Novikoff, Rivkin, Radler & Kremer, LLP, Uniondale, NY, for defendants-appellants.

Daniel C. Mooney, P.C., Mattituck, NY, for plaintiff-appellee.

Present OAKES, WINTER, and STRAUB, Circuit Judges.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendants–Appellants Great Lakes Dredge and Dock Company and Ralph Clayton & Sons Materials, LP, d/b/a Amboy Aggregates Joint Venture T/A McCormack Aggregates ("Amboy") appeal from the judgment of the United States District Court for the Eastern District of New York (Arlene R. Lindsay, *Magistrate Judge* ), following a jury trial, awarding plaintiff-appellee Barker Marine, Ltd. ("Barker Marine") $467,561.55 in damages for Amboy's breach of their towage agreement. Following the jury verdict, Amboy moved for a new trial, which the District Court denied. On appeal, Amboy argues that there was insufficient evidence for the jury to find that it breached the towage agreement and that the District Court erroneously excluded evidence that Amboy offered to reinstate the contract.

Amboy argues that the only conclusion the jury could have drawn from the evidence is that the towage agreement was mutually terminated by both parties. Amboy emphasizes that after a March 24, 1998 meeting, Barker Marine prepared and sent to Amboy a new proposal regarding its hourly rates as evidence that Barker Marine, too, wished to terminate the towage agreement. Despite Amboy's contention, there is sufficient evidence to support the jury's verdict. Approximately

two weeks prior to the March 24th meeting, Amboy hired Ray Petersen ("Petersen"), a former Barker Marine employee, as its new director of barge shipments and transportation. Amboy hired Petersen to take over the operations Barker Marine was performing under the towage agreement. As a bonus, Amboy agreed to pay Petersen 25% of the amount of money Amboy would save from having Petersen, rather than Barker Marine, coordinate the towing. James Barker, President of Barker Marine, and Frank Barker, Vice President of Barker Marine, both testified that at the March 24th meeting, Amboy's President Richard Rosamilla ("Rosamilla") stated that Amboy wanted to change their agreement, specifically, the manner of payment defined therein.[1] Rosamilla also told the Barkers that he could hire Petersen "very cheap and he would like to have control of the customer ordering and he would like to do his own dispatching." On March 30, 1998, Petersen called Frank Barker and informed him that Amboy, itself, would begin towing on April 1, 1998. The evidence, therefore, is more than sufficient to support the jury's finding that Amboy breached the towage agreement.

As to Amboy's remaining contentions, we affirm for substantially the same reasons as set forth in the District Court's order denying Amboy's motion for a new trial. *See Barker Marine, Ltd. v. Great Lakes Dredge and Dock Co.*, No. 98 CV 5353(ARL), slip op. at 3–9 (E.D.N.Y. Aug. 22, 2000).

For the reasons provided above, the judgment of the District Court is AFFIRMED.

---

1. Although Amboy asserts that there is evidence that Barker Marine initially suggested to amend the towage agreement, it concedes, as it must, that reconciling this conflict is a factual question left solely to the jury.